**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINETEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ST. LUCIE</u>   COUNTY, FLORIDA

<u>May Melendez, Marah West</u>
Plaintiff

Case # <u>562022CA001206AXXXHC</u>
Judge <u>Judge Laurie E Buchanan</u>

vs.

<u>Islamorada Beverages Holdings, Inc., Tyrone Bradley, Nikolaus Schroth, Christopher Trentine</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

EXHIBIT A

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

    **V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

    2

    **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

    **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

    **IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Lawrence J. McGuinness      Fla. Bar # 814611
    Attorney or party      (Bar # if attorney)

Lawrence J. McGuinness      07/05/2022
(type or print name)      Date

```
                              IN THE CIRCUIT COURT OF THE 19th
                              JUDICIAL CIRCUIT IN & FOR ST. LUCIE
                              COUNTY, FLORIDA

                              GENERAL JURISDICTION DIVISION

MAY MELENDEZ and          :   CASE NO.
MARAH WEST,               :   562022CA001206AXXXHC
                          :   Judge Laurie E Buchanan
        Plaintiffs,       :
                          :
vs.                       :
                          :
ISLAMORADA BEVERAGES      :
HOLDINGS, INC., TYRONE    :
BRADLEY, NIKOLAUS SCHROTH :
and CRISTOPHER TRENTINE,  :
                          :
        Defendants.       :   SUMMONS
_____/
```

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant ISLAMORADA BEVERAGES HOLDINGS, INC. **BY SERVING, PURSUANT TO F.S. §48.091:**

    Registered Agent:   Tyrone Bradley
                                    3200 St. Lucie Blvd.
                                    Ft. Pierce, FL 34946

If service cannot be made on the Registered Agent because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business.

**OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

    1.    The president or vice president, or other head of the corporation; and/or in his or her absence;

1

    2.    The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

    3.    Any director; and in the absence of all of the above; or

    4.    Any officer or business agent residing in the state.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

> MG Legal Group, P.A.
> Counsel for Plaintiff
> 3126 Center St.
> Coconut Grove, Florida 33133
> Tel No.: (305) 448-9557
> Fax No.: (305) 448-9559
> ljm@ljmpalaw.com
> scheduling_ljmpa@comcast.net

Attention:  LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON _____**July 5th**_____, 2022.

> Clerk of the Court
> MICHELLE R. MILLER, CLERK AND COMPTROLLER

By: _____
      as Deputy Clerk

IN THE CIRCUIT COURT OF THE 19th
JUDICIAL CIRCUIT IN & FOR ST. LUCIE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

MAY MELENDEZ and : CASE NO.
MARAH WEST, : 562022CA001206AXXXHC
: Judge Laurie E Buchanan
:
      Plaintiffs, :
:
vs. :
:
ISLAMORADA BEVERAGES :
HOLDINGS, INC., TYRONE :
BRADLEY, NIKOLAUS SCHROTH :
and CRISTOPHER TRENTINE, :
:
      Defendants. : **COMPLAINT**
_____/

    1. Plaintiffs, MAY MELENDEZ and MARAH WEST, bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA"), on behalf of themselves and other similarly situated current and former tipped employees ("Tipped Employees") who work and/or worked for Defendants, ISLAMORADA BEVERAGES HOLDINGS, INC., TYRONE BRADLEY, NIKOLAUS SCHROTH, and CHRISTOPHER TRENTINE (hereinafter collectively referred to as the "Employer") for minimum wage violations of the FLSA and for retaliation. Plaintiffs' claims for damages exceed the sum of $30,000.00, exclusive of attorneys fees, costs and interest.

1

## A. INTRODUCTION TO TIP VIOLATIONS

2. Plaintiffs and the Tipped Employees work and/or worked for the Employer in St. Lucie County, Florida in its restaurant. As explained herein, Plaintiffs and the Tipped Employees are and/or were covered employees for purposes of the FLSA. Defendants TYRONE BRADLEY, NIKOLAUS SCHROTH and CRISTOPHER TRENTINE are owners, officers and managers of Defendant ISLAMORADA BEER CO. LLC and control the terms and conditions of Plaintiffs' and the Tipped Employees' work, including but not limited to the minimum wage violations alleged herein and ultimately the decision to retaliate against Plaintiffs when they complained of the FLSA violations.

3. For Count I, Plaintiffs and the Tipped Employees have the following characteristics with respect to the minimum wage allegations:

   a. The Employer failed to pay the Plaintiffs and the Tipped Employees all/any of the tips that they were/are owed in violation of the FLSA; and

   b. The Employer failed to pay Plaintiffs and Tipped Employees for all of their actual work time in violation of the FLSA.

## B. THE EMPLOYER

4. The Employer is subject to the FLSA and is within the jurisdiction of this Court.

5. The Employer is an "enterprise" as defined by the FLSA and is subject to the FLSA. Specifically, the Employer's gross annual income exceeds $500,000.00 per annum and it employs two or more employees engaged in interstate commerce. Moreover, the Employer's employees, including Plaintiffs and the Tipped Employees, handled, sold, or otherwise worked on goods or materials that have been moved in or produced in commerce (e.g., alcohol, beer, ketchup, napkins, salt, pepper, etc.). As such, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

6. This action is brought by Plaintiffs and the Tipped Employees to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

7. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

8. By reason of their employment with the Employer, Plaintiffs and the Tipped Employees were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiffs and the Tipped Employees was directly essential to those interstate activities described herein which was directly essential to the business performed by the Employer. Plaintiffs and the Tipped Employees, by virtue of their job duties and functions as described above, were engaged in commerce. Specifically, for every shift that Plaintiffs and the Tipped Employees worked for the Employer, they dealt with credit card transactions going over state lines from customers, they served tourists and business travelers who came from other states comprising at least 50% of the Employer's business, and they served alcohol, food and food related products that came from other states. As such, based on the above, Plaintiffs and the Tipped Employees were engaged in interstate commerce.

C.   VENUE & JURISDICTION

9. This action is brought by Plaintiffs and the Tipped Employees to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's

fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

10.  Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

11.  By reason of their employment with the Employer, Plaintiff and Tipped Employees were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).  The work performed by Plaintiffs and Tipped Employees was directly essential to those interstate activities described herein which was directly essential to the business performed by the Employer.  Plaintiffs and Tipped Employees, by virtue of their job duties and functions as described above, were engaged in commerce.

12.  All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I
## RECOVERY OF MINIMUM WAGE VIOLATIONS
## AGAINST THE EMPLOYER

13.  Plaintiffs readopt and reallege all allegations contained in ¶¶ 1-12 above.

14. At all times material hereto, the Employer failed to comply with §3(m) of the Act, Title 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiffs and Tipped Employees did not receive all/any of their owed tips and were not paid for all of their work hours which resulted in a minimum wage violation.

15. As a result of the Employer's acts as described at ¶14 above, the Employer violated the FLSA's minimum wage provisions.

16. Plaintiff and Tipped Employees are entitled to be paid all of their owed tips plus for their time working for the Employer.

17. The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of tips and/or wages to Plaintiffs and Tipped Employees in accordance with the FLSA. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiffs and Tipped Employees have suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of the FLSA. As a result of the Employer's willful disregard of the FLSA, Plaintiffs and Tipped Employees are entitled to liquidated damages.

WHEREFORE, Plaintiffs and Tipped Employees who have or will opt-in to this action demand judgment against the Employer for payment of all of their tips and hours worked at the applicable minimum wage, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

## COUNT II
## CLAIM OF RETALIATION AGAINST THE EMPLOYER

18. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-12 above.

19. Shortly before they were fired, Plaintiffs verbally and in writing complained to the Employer's management regarding its stealing for tips from them and other Tipped Employees as alleged at Count I.  Specifically, Plaintiffs told the Employer's management that it was against the law to not pay their tipped employees all of their owed tips.

20. In response to Plaintiffs' complaints, within a three (3) day time-span, the Employer initially changed Plaintiffs' work shifts, shortened their weekly work hours, hired replacement workers and then fired Plaintiffs.

21. Based on ¶20, the Employer violated 29 U.S.C. §215(a)(3) causing Plaintiffs damages and Plaintiffs are entitled to

7

liquidated damages based on the Employer's reckless disregard of the provisions of the FLSA.

WHEREFORE, Plaintiffs demand judgment against the Employer for their violation of 29 U.S.C. § 215(a)(3) for their damages, liquidated damages, reinstatement, reasonable attorney's fees and costs of suit, and for all other relief available under the FLSA.

## JURY DEMAND

Plaintiff demands trial by jury for Counts I-II.

Respectfully submitted,

/s/ Lawrence McGuinness
Fla. Bar No. 814611
MG LEGAL GROUP, P.A.
Counsel for Plaintiffs
3126 Center St.
Coconut Grove, Florida 33133
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
ljm@ljmpalaw.com
scheduling_ljmpa@comcast.net

8

```
                                        IN THE CIRCUIT COURT OF THE 19th
                                        JUDICIAL CIRCUIT IN & FOR ST. LUCIE
                                        COUNTY, FLORIDA

                                        GENERAL JURISDICTION DIVISION

MAY MELENDEZ and            :           CASE NO.
MARAH WEST,                 :           562022CA001206AXXXHC
                            :
                            :           Judge Laurie E Buchanan
          Plaintiffs,       :
                            :
vs.                         :
                            :
ISLAMORADA BEVERAGES        :
HOLDINGS, INC., TYRONE      :
BRADLEY, NIKOLAUS SCHROTH   :
and CRISTOPHER TRENTINE,    :
                            :
          Defendants.       :           SUMMONS
_____/
```

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant ISLAMORADA BEVERAGES HOLDINGS, INC. **BY SERVING, PURSUANT TO F.S. §48.091:**

    Registered Agent:   Tyrone Bradley
                            3200 St. Lucie Blvd.
                            Ft. Pierce, FL 34946

If service cannot be made on the Registered Agent because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business.

**OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

1. The president or vice president, or other head of the corporation; and/or in his or her absence;

1

      2.    The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

      3.    Any director; and in the absence of all of the above; or

      4.    Any officer or business agent residing in the state.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

> MG Legal Group, P.A.
> Counsel for Plaintiff
> 3126 Center St.
> Coconut Grove, Florida 33133
> Tel No.: (305) 448-9557
> Fax No.: (305) 448-9559
> ljm@ljmpalaw.com
> scheduling_ljmpa@comcast.net

Attention:  LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON _____, 2022.

                                   Clerk of the Court


                                   By:_____
                                      as Deputy Clerk