UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:22-cv-14264

MAY MELENDEZ and
MARAH WEST,

    Plaintiffs,

vs.

ISLAMORADA BEVERAGES
HOLDINGS, INC., TYRONE
BRADLEY, NIKOLAUS SCHROTH
and CHRISTOPHER TRENTINE,

    Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

    Defendants, Islamorada Beverages Holdings, Inc. ("IBH"), Tyrone Bradley, Nikolaus Schroth and Christopher Trentine (collectively "Defendants"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss Plaintiffs' First Amended Complaint [D.E. 20] ("Complaint"), and in support thereof state:

**I.    INTRODUCTION**

    Plaintiffs sue Defendant, Islamorada Beverages Holdings, Inc. for breach of agreement in Count I and sue all Defendants for violations of the Fair Labor Standards Act ("FLSA") in Count II. According to Plaintiffs they were hired as cooks by IBH and were offered tips. *See* D.E. 20, at ¶5. Plaintiffs claim that IBH failed to pay them tips, and, when they complained to IBH, they were fired. *Id.* at ¶7.

    Plaintiffs' Complaint is subject to dismissal for several reasons. As an initial matter, Plaintiffs fail to comply with Paragraph 1 of the Court's July 27, 2022 Order. *See* D.E. 7. The

individual Defendants must be dismissed from Plaintiffs' Complaint because Plaintiffs plead no ultimate facts to support that they worked for the individual Defendants and fail to state a cause of action for individual liability under the FLSA.

Fatal to Plaintiffs' Complaint is Plaintiffs' allegations that they were hired by IBH as cooks. Cooks are not employees who are customarily entitled to tips. As a result, even if Plaintiffs' allegations were true (and they are not), Defendants could not have violated the FLSA for failure to tip Plaintiffs.

Finally, Plaintiffs' retaliation claim is subject to dismissal because Plaintiffs abandoned their employment with IBH and then filed the instant action. As a result, Plaintiffs cannot establish a claim for retaliation under the FLSA.

## II.    BACKGROUND

Plaintiffs allege that they were hired as cooks by IBH, the corporate Defendant. *See* D.E. 20, at ¶¶2, 5, 9. Plaintiffs make no averments about their rate of pay for the position of cook. According to Plaintiffs, they were offered tips in their positions as cooks. *Id*., at ¶5, 9. Plaintiffs claim that IBH did not pay them tips or shorted them their tips. *Id.*, at ¶7, 11. Plaintiffs claim they were fired after they complained to IBH about not being paid tips. *Id.*, at ¶7.

## III.   MEMORANDUM OF LAW

### A.   Plaintiffs' Complaint Should Be Dismissed For Their Failure To Comply With The Court's Order In Actions Brought Under The FLSA

On July 27, 2022, the Court entered an Order in Actions Brought Under the FLSA ("Order"). *See* D.E. 7. Pursuant to Paragraph 1 of the Order, Plaintiffs were required to amend their Complaint to include "'a short and plan statement of the claim'", which, at a minimum, needed to include a statement regarding a) an estimate of the total amount of alleged unpaid

wages; b) a preliminary calculation of such wages; c) the approximate period during which the alleged FLSA violations occurred; and d) the nature of the wages. *See* D.E. 7, at ¶1.

Other than to state that the wages were tips and that amount is $650 each, Plaintiffs have failed to comply with the Court's Order and have therefore failed to plead a short and plain statement of the claims. Specifically, there are no allegations that purport to calculate the claimed wages and there are no time periods alleged. Indeed, Plaintiffs provide no information about their hourly rate or the average number of hours worked in order facilitate an independent calculation.

According to Paragraph 5 of the Order, "[f]ailure to comply with **ANY** of these procedures may result in the imposition of appropriate sanctions, including but not limited to, the dismissal of this action or entry of default." *See* D.E. 7, at ¶5 (emphasis original). As a result and according to the plain language of the Court's Order, the Complaint must be dismissed, especially since Plaintiffs filed and then re-filed their Amended Complaint and continued to fail to abide by the Court's Order.

### B. Plaintiffs Were Not Tipped Employees

By definition under the FLSA, a tipped employee is "any employee engaged in an occupation in which [the employee] customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). Fatal to their claims is the clear fact that the Plaintiffs were cooks, and, as such, were **not** tipped employees. *See* D.E. 20, at ¶¶2, 5.

Under the FLSA, cooks do not customarily and regularly receive tips. *See Rubio v. Fuji Sushi & Teppani*, Case No. 6:11–cv–1753–Orl–37TBS, 2013 WL 230216, *3 (M.D. Fla. January 22, 2013) ("Legislative history and Department of Labor interpretations demonstrate that kitchen chefs do not customarily and regularly receive tip."); *see, e.g., Pedigo v. Austin Rumba, Inc.*, 722

F.Supp.2d 714, 735 (W.D. Tex. 2010) (holding that preparation cooks invalidated tip pool because they engaged in minimal customer interaction); *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 550 (6th Cir.1999) (concluding that lower court's determination that salad mixers did not engage in a customarily tipped occupation was not clearly erroneous); *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 301-302 (6th Cir. 1998)(distinguishing hosts from employees who have zero to no contact with customers such as dishwashers, cooks, or janitors). Moreover, nowhere in the Complaint do Plaintiffs allege that they were employed in an occupation that customarily and regularly receives more than $30 a month in tips. Nor could they ever make such allegations, because they were not.

"Courts [focus] on the extent of an employee's customer interaction as a significant factor in determining whether the employee is a customarily tipped employee." *See Rubio,* 2013 WL 230216, at *2 (citing *Ash v. Sambodromo*, LLC, 676 F.Supp.2d 1360, 1370 (S.D. Fla. 2009); *Wajcman v. Inv. Corp. of Palm Beach*, 620 F.Supp.2d 1352, 1359 (S.D. Fla. 2009); *Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294, 301–02 (6th Cir.1998)). In their Complaint, Plaintiffs do not allege that they had any interaction whatsoever with customers, and as cooks, they would be working inside the kitchen with minimal to no customer interaction. Even if Plaintiffs could allege that they had some customer interaction, they will not be able to allege extensive or significant interaction as required by the FLSA. As such, Plaintiffs have failed to state a claim under the FLSA, and their Complaint should be dismissed with prejudice.

    **C.**     **Plaintiffs Fail To State A Cause Of Action For Individual Liability Under The FLSA**

In addition to suing IBH, Plaintiffs sue Tyrone Bradley, Nikolaus Schroth, and Christopher Trentine in their individual capacities. As a basis for suing the individual Defendants, Plaintiffs simply allege that they are "owners, officers, and/or managers" that had

control over the terms and conditions of their employment. *See* D.E. 20, at ¶4. Plaintiffs plead no specific facts as to the role or relationship between them and the individual Defendants.

"An employer is defined as 'any person acting directly or indirectly in the interest of an employer in relation to an employee .'" *Rubio*, 2013 WL 230216, *5 (quoting 29 U.S.C. § 203(d)). "To determine whether an individual is an employer under the FLSA, and thus individually liable for an FLSA violation, a court must examine the 'economic reality' of the relationship between the parties." *Id*. (*citing Villareal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997)). "Factors include whether the individual: '(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.' *Id*. "'To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.'" *Rubio*, 2013 WL 230216, *5 (*quoting Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986)). "Whether an individual is an employer within the meaning of the FLSA 'does not depend on technical or isolated factors but rather on the circumstances of the whole activity.'" *Rubio*, 2013 WL 230216, *5 (*quoting Alvarez Perez v. Sanford–Orlando Kennel Club, Inc*., 515 F.3d 1150, 1160 (11th Cir. 2008)).

Here, Plaintiffs fail to plead any ultimate facts that establish that the individual Defendants are employers under the FLSA. Specifically, there are no allegations that each individual was involved in the day-to-day operation or had some direct responsibility for their supervision. The Complaint is devoid of any facts regarding what, if any role, each individual played. As a result, Plaintiffs have failed to state a cause of action for individual liability under the FLSA, and the individual Defendants must be dismissed.

### D. Plaintiffs Fail To State A Cause Of Action For Retaliation Under The FLSA

"The FLSA prohibits any person from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 U.S.C. § 215(a)(3). In other words, to state a claim for retaliation under the FLSA, Plaintiffs must allege that they filed an FLSA claim, and then they were fired.

Plaintiffs make no such allegations. Plaintiffs merely state that they complained to Defendants that Defendants were purportedly violating the FLSA, and, in retaliation, Defendants fired them. *See* D.E. 20, at ¶¶7, 13-14. Moreover, Plaintiffs could never state a claim of retaliation under the FLSA because Plaintiffs were not fired; they abandoned their jobs, *and then* filed the instant action. As a result, Defendants could not have retaliated against them for filing an FLSA complaint, and Count II must be dismissed with prejudice.

## IV.   CONCLUSION

For the reasons discussed above, Islamorada Beverages Holdings, Inc., Tyrone Bradley, Nikolaus Schroth, and Christopher Trentine, respectfully request that this Court enter an Order dismissing Plaintiffs' Complaint with prejudice and awarding Defendants such other relief as the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of Notice of Electronic Filing generated by CM/ECF this 2nd day of September, 2022, which will send notice electronically to the counsel or parties of record on the Service List below.

      **GRAY|ROBINSON**
      *Counsel for Defendants*
      333 S.E. 2nd Avenue, Suite 3200
      Miami, Florida 33131
      Telephone: (305) 416-6880
      Facsimile: (305) 416-6887

      By: */s/ Anastasia Protopapadakis*
          Anastasia Protopapadakis, FBN 51426
          Primary e-mail:
          Anastasia.Protopapadakis@Gray-Robinson.com
          Secondary e-mails:
          Danieska.Cuarezma@Gray-Robinson.com
          Lourdes.Federici@Gray-Robinson.com

## SERVICE LIST

Lawrence McGuinnes, Esq.
Juliana Gonzalez, Esq.
**MG LEGAL GROUP, P.A.**
3126 Center St.
Coconut Grove, Florida 33133
Telephone: (305) 448-9557
Facsimile: (305) 448-9559
ljm@ljmpalaw.com
scheduling_ljmpa@comcast.net
juliana@ljmpalaw.com
office@mglegalgroup.com
*Counsel for Plaintiffs*

#48200559 v1