UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14264-CIV-CANNON/McCabe

MAY MELENDEZ and
MARAH WEST,

    Plaintiffs,

v.

ISLAMORADA BEVERAGES
HOLDINGS, INC., et al.,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion"), filed on September 2, 2022 [ECF No. 23]. The Motion seeks dismissal of the First Amended Complaint (the "FAC") [ECF No. 20] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 23]. The Court has reviewed the FAC [ECF No. 20], the Motion [ECF No. 23], the Response in Opposition [ECF No. 27], the Reply [ECF No. 30], and the full record. For the reasons set forth below, the Motion [ECF No. 23] is **GRANTED IN PART AND DENIED IN PART**.

**RELEVANT BACKGROUND**[1]

Defendant Islamorada Beverage Holdings, Inc. (the "Corporate Defendant") is a brewery and distillery that also operates a food truck [ECF No. 20 ¶ 3]. Defendants Tyrone Bradley, Nikolaus Scroth, and Christopher Trentine (the "Individual Defendants") are the owners, officers,

---

[1] The following facts are drawn from the FAC [ECF No. 20] and accepted as true for purposes of this Order.

and managers of the Corporate Defendant [ECF No. 20 ¶ 4]. Plaintiffs May Melendez and Marah West are individuals who worked as cooks for the Corporate Defendant from May 2022 to July 4, 2022 [ECF No. 20 ¶¶ 2, 14]. Plaintiffs filed this action on August 23, 2022, alleging that (1) the Corporate Defendant breached an agreement with Plaintiffs to pay them tips in exchange for a lower wage [ECF No. 20 ¶¶ 9–11] (Count 1 – Breach of Contract); and (2) Defendants violated the Fair Labor Standards Act (the "FLSA") when they fired Plaintiffs in retaliation for complaining about the Corporate Defendant's breach of the agreement [ECF No. 20 ¶¶ 13–14] (Count 2 – FLSA Retaliation).

On September 2, 2022, Defendants filed the instant Motion, arguing that the FAC should be dismissed for failure to state a claim [ECF No. 23 (citing Fed. R. Civ. P. 12(b)(6))]. The Motion is ripe for adjudication [*see* ECF No. 27 (Response); ECF No. 30 (Reply)].

**LEGAL STANDARD**

Rule 8(a)(2) requires complaints to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 545). Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

CASE NO. 22-14264-CIV-CANNON/McCabe

## DISCUSSION

Defendants seek dismissal of the FAC on the following grounds: (1) the FAC fails to comply with the Court's Order in Actions Brought Under the FLSA (the "FLSA Order") [ECF No. 7]; (2) Plaintiffs were not "tipped employees" under the FLSA; (3) Plaintiffs do not allege sufficient specific facts to establish liability of the Individual Defendants under the FLSA; and (4) Plaintiffs do not allege sufficient facts, for purposes of retaliation under the FLSA, to establish that Plaintiffs filed a complaint prior to being terminated [ECF No. 23]. The Court addresses each argument in turn.

### I. Compliance with the FLSA Order

On July 27, 2022, the Court entered an Order in Actions Under the FLSA [ECF No. 7]. The Order required Plaintiffs to file a Statement of Claim including certain information: an initial estimate of the total alleged unpaid wages, a preliminary calculation of the wages, the period during which the alleged FLSA violations occurred, and the nature of the alleged unpaid wages [ECF No. 7 ¶ 1]. The Order also required Plaintiffs to amend the Complaint to include the information provided in the Statement of Claim [ECF No. 7 ¶ 1]. Plaintiff subsequently filed a compliant Statement of Claim but did not take the additional step of amending the Complaint to include the information contained in the Statement of Claim [ECF Nos. 20, 21].

Citing Plaintiff's failure to amend the Complaint with the information contained in the Statement of Claim, Defendants move for dismissal with prejudice of the FAC [ECF No. 23 pp. 2–3]. The Court disagrees with Defendants' proposed resolution. Plaintiffs provided the required information in the Statement of Claim [ECF No. 21], putting Defendants on notice of the total alleged unpaid wages claimed by Plaintiffs and the time period associated with the alleged FLSA violations. Under these circumstances, rather than dismissing with prejudice, the more

appropriate course is to require Plaintiffs to file an amended complaint to include the previously provided information [ECF No. 7 ¶ 1].

## II.     Whether Plaintiffs Are "Tipped Employees" Under the FLSA

Defendants also say dismissal of the FAC is appropriate because Plaintiffs, as cooks, are not entitled to receive tips under the FLSA, *see* 29 U.S.C. § 203(t) [ECF No. 23 pp. 3–4]. In Defendants' view, cooks typically do not receive tips under the FLSA, and Plaintiffs have not provided enough information about their job descriptions to permit a finding of entitlement to tips. Plaintiffs oppose this view, arguing that the allegations in the FAC are sufficient to survive a motion to dismiss; that Defendants focus solely on Plaintiffs' titles as cooks without considering their actual duties; and that Plaintiffs' entitlement to tips depends on factual determinations more appropriate for post-discovery motions [ECF No. 27 pp. 4–5].

The Court disagrees with Defendants that dismissal is warranted as a matter of law because Plaintiffs engaged in "non-tipped" work under the FLSA. To determine whether an employee is engaged in an occupation that is entitled to receive tips under the FLSA, the Court must look to the exact duties an employee performed. *See Rafferty v. Denny's Inc.*, 13 F.4th 1166, 1175 (11th Cir. 2021). Courts examine the amount of time employees spend interacting with customers and performing customer-related functions. *Id.* at 1173–75; *see also Kilgore v. Outback Steakhouse*, 160 F.3d 294, 301–02 (6th Cir. 1998).

In this case, as noted, Plaintiffs bring two counts—common law breach of contract against the Corporate Defendant for failure to honor an agreement purportedly reached with Plaintiffs to pay Plaintiffs tips when they shifted to work in the food truck (Count 1), and retaliation in violation of the FLSA against both Defendants (Count 2) [ECF No. 20]. Specifically, the FAC alleges that Defendants hired Plaintiffs to work as cooks in the brewery where they prepared food and drinks

4

for customers [ECF No. 20 ¶¶ 2–3]. The FAC also alleges that Plaintiffs later were told they would be transferred to Defendants' food truck and receive a lower hourly wage—but, importantly, the parties allegedly agreed that Plaintiffs would receive tips in exchange for the lower hourly wage [ECF No. 20 ¶ 5].

These allegations are sufficient to withstand dismissal of the FAC under Rule 12(b)(6). As a threshold matter, given the two claims brought in this action (common law breach of contract and FLSA retaliation), it is unclear why the substantive question of tipped work under the FLSA carries dispositive relevance. In any event, the issue of Plaintiffs' specific job duties and their ultimate entitlement to tips under the FLSA is an issue better suited for summary judgment or ultimate resolution at trial, after discovery. *See, e.g.*, *Rafferty*, 13 F.4th at 1190–92 (concluding that genuine issues of material fact regarding employee's actual duties precluded summary judgment as to whether employee was entitled to receive tips under the FLSA).

### III. Liability of the Individual Defendants

Defendants also argue that the FAC fails to adequately allege that the Individual Defendants are personally liable under the FLSA [ECF No. 23 pp. 4–5]. An employer is personally liable under the FLSA if he has "operational control" of the business, "which may be involvement in the day-to-day operation of the company or direct supervision of the employee at issue." *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1237 (11th Cir. 2013) (quoting *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986)). The allegations in the FAC are sufficient to meet this standard. Plaintiffs allege, for example, that the Individual Defendants were "owners, operators, and/or managers" of the food truck owned by the Corporate Defendant, and that they "had control over the terms and conditions of Plaintiffs' employment" [ECF No. 20 ¶ 4]. The FAC also alleges that the individual Defendants had a role in determining Plaintiffs' wages, and ultimately, in

terminating their employment [See ECF No. 20 ¶¶ 5, 7]. Although the FAC does not go into greater detail about the extent of the individual Defendants' roles in Plaintiffs' employment, the allegations, taken as true, are sufficient at this stage to establish that the Individual Defendants were involved in the "day-to-day operation of the company or direct supervision" of Plaintiffs. *See Moore*, 708 F.3d at 1237.

## IV. Failure to Establish Retaliation Under the FLSA

Finally, the Motion argues that Plaintiffs' retaliation claim should be dismissed because the FAC does not establish that Plaintiffs filed a formal FLSA complaint or lawsuit prior to their termination [ECF No. 23 p. 6]. Under Supreme Court authority, "a 'complaint' is 'filed' when a reasonable objective person would have understood the employee to have put the employer on notice that the employee is asserting statutory rights under the [FLSA]." *See Kasten v. Saint Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). "This standard can be met … by oral complaints, as well as by written ones." *Id.* In this case, Plaintiffs allege that, immediately prior to their termination, Plaintiffs "complained to Defendants that failure to pay them their earned tips was against the law and that Defendants were violating the FLSA" [ECF No. 20 ¶ 7]. These allegations sufficiently establish that Plaintiffs made an oral complaint to Defendants that failure to pay them tips was a violation of the FLSA, which put Defendants on notice that Plaintiffs were asserting their statutory rights under the FLSA. The allegations in the FAC meet the standard for "filing" a complaint under the FLSA. *See Kasten*, 563 U.S. at 15. Plaintiffs have pled a plausible claim for retaliation under the FLSA.

CASE NO. 22-14264-CIV-CANNON/McCabe

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss the First Amended Complaint [ECF No. 23] is **GRANTED IN PART AND DENIED IN PART**.

2. On or before **October 10, 2022**, Plaintiffs shall file a second amended complaint that includes the information required in the Court's FLSA Order [ECF No. 7 ¶ 1].

3. On or before **October 31, 2022**, Defendants shall file an answer to Plaintiff's forthcoming second amended complaint.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 30th day of September 2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record